1  COX & MOYER
Stephen T. Cox (State Bar #39040)
2  Scott J. Allen (State Bar #178925)
703 Market Street, Suite 1800
3  San Francisco, CA  94103
Tel: (415) 543-9464
4  Fax: (415) 777-1828

5  Attorneys for Plaintiffs

6

7

8        IN THE UNLIMITED JURISDICTION [SUPERIOR] COURT OF THE

9        STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11  BLESSED HERVE,                         )
                                          )   No: CPF 03-502 895
12        Plaintiff,                       )
                                          )   **COMPLAINT AND DEMAND**
13  vs.                                    )   **FOR JURY TRIAL**
                                          )
14  CITY AND COUNTY OF SAN FRANCISCO,      )
    ALICE DICROCE, GLENN ALCARAZ, MARC H. )
15  CHAN AND DOES 1-100,                   )
                                          )
16        Defendants.                      )
    _____   )

17

18              **COMPLAINT AND DEMAND FOR JURY TRIAL**

19  Plaintiff, Blessed Herve ( Plaintiff ), hereby alleges as follows:

20        1.    Plaintiff is a resident of the City and County of San Francisco.  The Plaintiff is a

21  citizen of the Republic of Congo, and resides in the United States under a grant of political

22  asylum.

23        2.    Defendants, City and County of San Francisco, is a  public entity  within the

24  meaning of Government Code § 811.2 and a  local public entity  within the meaning of

25  Government Code § 900.4.

26        3.    Defendants, Alice DiCroce, Glenn Alcaraz, and Marc H. Chan (the  Officers ) are

27  and at all relevant times mentioned herein, employed as police officers by the City and County of

28  San Francisco and were acting within the scope of their employment as police officers for the

1   City and County of San Francisco.  At all relevant times mentioned herein, each Officer was an

2   agent, principal, servant, franchisee, joint venturer, partner, employee and/or co-conspirator of

3   the other Officers; that at all of said times each of said Officers was acting within the course and

4   scope of said agency, service, franchise, joint venture, partnership, employment and/or

5   conspiracy.

6         4.     Defendants, Does 1 through 100, inclusive, are sued herein by fictitious names

7   pursuant to C.C.P. §474.  Plaintiff does not at this time know the true names, capacities nor

8   specific activities of said defendants, but alleges on information and belief that each of said

9   defendants is or may be legally responsible for the injuries and damages to plaintiff alleged

10  below and plaintiff therefore prays that the names of said defendants and their activities may be

11  inserted herein when said name, capacity and/or activity is ascertained.  At all relevant times

12  herein mentioned, each Doe defendant was an agent, principal, servant, franchisee, joint venturer,

13  partner, employee and co-conspirator of the other defendants herein mentioned; that at all of said

14  times each of said defendants was acting within the course and scope of said agency, service,

15  franchise, joint venture, partnership, employment and conspiracy.

16        5.     With respect to Plaintiff s claims against the City and County of San Francisco,

17  Plaintiff has satisfied all conditions precedent to bringing said claims by filing the tort claim

18  (attached hereto as Exhibit A) with said Defendant.  Said Defendant rejected said tort claim, and

19  a copy of said rejection is attached hereto as Exhibit B.

20        6.     On about March 27, 2003, said Defendant Officers and Does 1 through 10

21  verbally assaulted and physically battered the Plaintiff (a) at a location near the intersection of

22  Geary and Taylor Streets in San Francisco, (b) in a police patrol car operated by certain of the

23  Defendant Officers, and (c) at the San Francisco police Central Station.  Among other things, at

24  Central Station, Defendant Officer DiCroce punched the Plaintiff in the stomach while the

25  Plaintiff s hands were handcuffed behind his back, physically forced the Plaintiff to sit on a

26  bench covered in human feces, choked the Plaintiff on the neck, slammed the Plaintiff s head

27  into the wall of a holding cell at Central Station, kicked the Plaintiff in his testicles and grabbed

28  his testicles.  Defendant Officer DiCroce also made numerous threatening remarks to the Plaintiff

1   indicating that her abusive actions were motivated by racial hatred, hatred against the Plaintiff

2   because of his national origin, and/or hatred against the Plaintiff because of his gender, race,

3   national origin and/or sexual orientation.  Said threatening language included, without limitation,

4   calling the Plaintiff a  nigger  while said Defendant physically abused the Plaintiff as alleged

5   above.  The other Defendant Officers and Does 1through 10 watched these events occur and

6   stood by idly, and did not attempt to stop the battery inflicted on Plaintiff by Officer DiCroce.

7   Indeed, said defendants actively encouraged Defendant DiCroce s battery of the Plaintiff with

8   words and by laughing at the plight of the Plaintiff.  At no time was Plaintiff being taken to the

9   Central Station for the purpose of being booked.  At the conclusion of the abuse described above,

10  Plaintiff was given a misdemeanor citation to appear before a magistrate, and released, without

11  booking.  The misdemeanor allegation was later dismissed.

12          7.      Said Defendants, together with Defendant Officer DiCroce, and upon information

13  and belief,   Does 11-100, all conspired together in an attempt to cover up the abuse leveled upon

14  the Plaintiff.  Evidence of said conspiracy include, without limitation,  that said Defendant

15  Officers, including said Doe defendants,  prepared, authorized and or ratified the filing of a false

16  police report that, among other things,  does not mention that this abuse occurred.   Furthermore,

17  upon information and belief, Plaintiff alleges that said Defendants failed to file necessary reports

18  in order to cover up the fact that the abuse had occurred.  The Defendants activities as described

19  in this paragraph were done intentionally and with a willful desire to violate Plaintiffs  civil

20  rights, and to cause the Plaintiff to suffer injury, pain, fear, anxiety,  humiliation, physical and

21  emotional distress.  The actions of the Defendants described herein were willful and malicious

22  and were intended to oppress and cause injury to plaintiff; furthermore, said Defendants acted

23  knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiff's

24  safety, health and his civil rights. The aforesaid Defendants either performed, authorized or

25  ratified said malicious, willful and callous conduct.  Therefore, Plaintiff prays for an assessment

26  of punitive damages against said Defendants.

27          8.      The Plaintiff further alleges on information and belief that Does 11through 100

28  are members of the San Francisco Police Department and have conspired with the Defendant

1   Officers in an attempt to cover up the fact that Plaintiff suffered these abuses at the hands of the

2   Defendant Officers.  Acts in furtherance of said conspiracy/cover-up include without limitation

3   failing to file a police reports concerning the abuse after the Plaintiff reported being abused.

**FIRST CAUSE OF ACTION   AGAINST DEFENDANT OFFICERS ONLY**
**VIOLATION OF PLAINTIFFS  CIVIL RIGHTS**
**(42 U.S.C. § 1983)**

6       9.      Plaintiff hereby incorporates each of the foregoing allegations as though fully set

7   forth in this Cause of Action.

8       10.     The Actions of the Defendant Officers and Does 1 through 100 described herein

9   constitute a deprivation of the Plaintiff s Constitutional right to Due Process and Equal

10  Protection guaranteed by the Fourteenth Amendment to the Constitution.  Said acts also

11  constitute a violation of the rights secured to the Plaintiff under statutes and/or other laws of the

12  United States, including without limitation 18 U.S.C. § 242, which states in pertinent part:

> Whoever, under color of any law, statute, ordinance, regulation, or
> custom, willfully subjects any person in any State, Territory,
> Commonwealth, Possession, or District to the <u>deprivation of any
> rights, privileges, or immunities secured or protected by the
> Constitution or laws of the United States,</u> or <u>to different
> punishments, pains, or penalties, on account of such person being
> an alien, or by reason of his color, or race,</u> than are prescribed for
> the punishment of citizens, shall be fined under this title or
> imprisoned not more than one year, or both; and if bodily injury
> results from the acts committed in violation of this section . . .shall
> be fined under this title or imprisoned not more than ten years, or
> both;. . .  aggravated sexual abuse, or an attempt to commit
> aggravated sexual abuse,. . .  shall be fined under this title, or
> imprisoned for any term of years or for life, or both. . ..  (Emphasis
> added)

21      11.     The actions of the Defendant Officers were performed under color of state law;

22  namely under color of their position as officers in the San Francisco Police Department and

23  violated Plaintiff s Constitutional rights and rights secured by statute as set forth above.

24      12.     As a direct and proximate result of the violation of Plaintiff s Constitutional and

25  statute guaranteed rights, Plaintiff has suffered general and special damages in an amount to be

26  proven at trial.  Said damages include, but are not limited to: Plaintiff suffered personal injuries

27  including without limitation bruises, pain, humiliation, fear, anxiety, and extreme mental and

28  emotional distress; Plaintiff has incurred medical bills to treat his personal injuries;  Plaintiff has

**COX & MOYER**
703 Market St., Ste 1800
San Francisco, CA 94103

1 also incurred other costs and expenses including without limitation the cost of cleaning his

2 clothing to remove human feces (which the Officers forced Plaintiff to sit in). The Defendants

3 conspired to deprive Plaintiff of his civil rights, by doing acts which include without limitation,

4 physically abusing Plaintiff; and attempting to cover up the fact that their abuse of the Plaintiff

5 had occurred. Such conduct caused and continues to cause Plaintiff to suffer fear, humiliation

6 and severe emotional distress and physical manifestations of said distress, including headaches.

7 **SECOND CAUSE OF ACTION AGAINST DEFENDANT OFFICERS ONLY**
**CONSPIRACY TO VIOLATE PLAINTIFF S CIVIL RIGHTS**
8 **(42 U.S.C. § 1985)**

9 13. Plaintiff hereby incorporates each of the foregoing allegations as though fully set

10 forth in this Cause of Action.

11 14. 42 U.S.C. § 1985(2) provides a cause of action for any person who is injured

12 when two or more persons conspire for the purpose of impeding, hindering, obstructing, or

13 defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to

14 any citizen the equal protection of the laws.

15 15. Further, 42 U.S.C. § 1985(3) provides a cause of action for any person who is

16 injured when two or more persons in any State or Territory conspire . . . for the purpose of

17 depriving, either directly or indirectly, any person or class of persons of the equal protection of

18 the laws, or of equal privileges and immunities under the laws.

19 16. The actions of the Defendants constitute an unlawful conspiracy to deprive the

20 Plaintiff of his civil rights, in violation of the above-quoted provisions from 42 U.S.C. §§

21 1985(2) and (3).

22 17. The actions of the Defendants were the direct and proximate cause of the

23 Plaintiff s injuries and damages as described above.

24 **THIRD CAUSE OF ACTION**
**VIOLATION OF RIGHT TO BE FREE FROM VIOLENCE**
25 **(Civil Code § 52(b); Civil Code § 51.7(a))**

26 18. Plaintiff hereby incorporates each of the foregoing allegations as though fully set

27 forth in this Cause of Action.

28 19. This Third Cause of Action is brought pursuant to California Civil Code section

COX & MOYER
703 Market St., Ste 1800
San Francisco, CA 94103

COMPLAINT AND DEMAND FOR JURY TRIAL - 5 -

52(b), which states, in pertinent part:

> Whoever denies the right provided by <u>Section 51.7</u> or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following: (1) An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages. (2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7 in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney. (3) Attorney's fees as may be determined by the court.

20. The actions of the Defendants, as described herein, violated Civil Code section 51.7(a), which states, in pertinent part:

> All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property <u>because of their race</u>, <u>color</u>, religion, ancestry, <u>national origin</u>, political affiliation, <u>sex</u>, <u>sexual orientation</u>, age, disability, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive. (Emphasis added)

21. The Defendants actions were the direct and proximate cause of the Plaintiff s injuries and damages as described herein.

**FOURTH CAUSE OF ACTION   AGAINST DEFENDANT OFFICERS ONLY**
**INTERFERENCE WITH PLAINTIFF S CIVIL RIGHTS**
**(Civil Code  § 52.1)**

22. This Fourth Cause of Action is brought pursuant to Civil Code section 52.1, which states, in pertinent part:

> (a) If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state. . .
> (b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.
> (c) An action brought pursuant to subdivision (a) or (b) may be

filed either in the superior court for the county in which the
conduct complained of occurred or in the superior court for the
county in which a person whose conduct complained of resides or
has his or her place of business. . .
* * * *
(h) In addition to any damages, injunction, or other equitable relief
awarded in an action brought pursuant to subdivision (b), the court
may award the petitioner or plaintiff reasonable attorney's fees

23.     The actions of the Defendans described herein constitute a violation of section

52.1(a) in that said Defendants employed threats, intimidation, and/or coercion to interfere with

the Plaintiff s rights guaranteed by the Due Process and Equal Protection clauses of the

Fourteenth Amendment to the Constitution of the United States, as well as rights guaranteed by

the statutes and/or other laws of the United States, including without limitation 18 U.S.C. § 242.

The Defendants also employed threats, intimidation and/or coercion to interfere with the

Plaintiff s rights guaranteed by the California Constitution and the laws of the California,

including without limitation rights guaranteed by Civil Code section 51.7 (described above).

24.     The Defendant Officers  actions in violation of these statutes and Constitutional

provisions were the direct and proximate cause of the Plaintiff s injuries and damages as

described herein.

## FIFTH CAUSE OF ACTION   AGAINST ALL DEFENDANTS
## BATTERY

25.     Plaintiff hereby incorporates each of the foregoing allegations as though fully set

forth in this Cause of Action.

26.     In doing the acts alleged herein, the Defendant Officers acted with the intent to

make a harmful contact with plaintiff's person.

27.     At no time did Plaintiff consent to any of the acts of Defendant Officer alleged

herein.

28.     The Defendants are therefore guilty of committing a battery against the Plaintiff.

29.     The actions of the Defendants were the direct and proximate cause of the injuries

and damages suffered by the Plaintiff as alleged herein.

COX & MOYER
703 Market St., Ste 1800
San Francisco, CA 94103

COMPLAINT AND DEMAND FOR JURY TRIAL                                - 7 -

30.     At all times herein mentioned, the Defendants were the employees of defendant City and County of San Francisco and, in doing the acts herein described and referred to, were acting in the course and within the scope of their authority as employees, and in the transaction of the business of the employment.  Defendant City and County of San Francisco is, therefore, liable to plaintiff for the acts of the Defendant Officers as heretofore alleged.  (See, Government Code § 815.2.)

## SIXTH CAUSE OF ACTION
### AGAINST CITY AND COUNT OF SAN FRANCISCO
### NEGLIGENT HIRING, TRAINING AND/OR RETENTION OF UNFIT EMPLOYEES

31.     Plaintiff hereby incorporates each of the foregoing allegations as though fully set forth in this Cause of Action.

32.     Plaintiff is informed and believes and thereon alleges that, in doing the acts as heretofore alleged, Defendant City and County of San Francisco knew, or in the exercise of reasonable diligence should have known, that one or more of the Defendant Officers were incompetent and unfit to perform the duties for which they were employed, and that said Defendant Officers harbored prejudices against persons such as the Plaintiff and were inclined toward violence against such persons, and that an undue risk to persons such as Plaintiff would exist because of the employment of the Defendant Officers.

33.     Despite this advance knowledge, Defendant City and County of San Francisco retained the Defendant Officers as employees in conscious disregard of the rights and safety of others, and failed to properly train and/or supervise said Defendant Officers in order to insure the protection of persons such as the Plaintiff.

34.     The actions of the City and County of San Francisco in negligently hiring, training and/or retaining the Defendant Officers was the direct and proximate cause of the Plaintiff s

injuries and damages as described herein.

**SEVENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

35.     Plaintiff hereby incorporates each of the foregoing allegations as though fully set forth in this Cause of Action.

36.     The actions of the Defendants described herein were extreme and outrageous and were intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

37.     As the proximate result of the acts of the Defendants, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as described above and has incurred the damages described above.

**REQUEST FOR RELIEF**

Plaintiff therefore respectfully requests that this Court grant the following relief:

1. Award Plaintiff special and general damages according to proof.

2. With respect to Plaintiff s Second and Third Causes of Action, award the Plaintiff a civil penalty of $25,000 against each of the Defendant Officers, in accordance with Civil Code § 52(b)(2).

3. Award the Plaintiff costs and attorneys fees in accordance with 42 U.S.C. § 1988(b), Civil Code §§ 52.1(h) and 52(b)(3) and any other applicable statute.

4. Award exemplary and punitive damage against the Defendant Officers.

5. Award the Plaintiff any other relief that the Court determines to be just and equitable.

/////

/////

/////

/////

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a jury trial.

Respectfully submitted,

Dated: _____, 2003          COX & MOYER

By: _____
        STEPHEN T. COX
        Attorneys for Plaintiff, Blessed Herve

COMPLAINT AND DEMAND FOR JURY TRIAL                    - 10 -

**VERIFICATION**

I, Blessed Herve, hereby verify that I have read the foregoing **COMPLAINT AND DEMAND FOR JURY TRIAL**  I certify that the facts stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Dated:_____          _____
                                                                    Blessed Herve

Herve028.COMPLAINT.wpd

COX & MOYER
703 Market St., Ste 1800
San Francisco, CA 94103